IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RITA JO NITZ, n/k/a Rita Jo Brookmyer,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 97-384-GPM** |
| ) | |
| **MARY SIGLER,** ) | |
| ) | |
| **Respondent.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

In April 1997, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from the "natural life" sentence imposed for the 1988 murder of Michael D. Miley. The petition, which was filed in the United States District Court for the Central District of Illinois, was transferred to this District. In December 1997, United States District Judge Paul E. Riley, Sr., dismissed without prejudice the petition with leave to reinstate after resolution of state post-conviction proceedings. In December 2000, attorney Paul G. Christenson entered his appearance on behalf of Petitioner and filed, on her behalf, a motion to reinstate. The case then was reassigned to United States District Judge William D. Stiehl, who granted the motion to reinstate. An amended petition was filed in May 2001. In March 2004, Judge Stiehl granted Petitioner's second request to dismiss without prejudice the petition with leave to reinstate after resolution of additional state post-conviction proceedings. In November 2006, Petitioner was granted leave to reinstate, and she filed a second amended petition in January 2007. Since October 2006, Petitioner has been proceeding *pro se*. In December 2008, United States Magistrate Judge Clifford J. Proud

issued a Report and Recommendation (Doc. 60), which recommends that the petition be denied in all respects. Petitioner timely filed objections thereto (Doc. 62).[1] The case was reassigned to the undersigned district judge on May 7, 2009.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part) (emphasis added). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The Report and Recommendation clearly outlines the basic factual and procedural background of this case and the arguments presented. Therefore, this Court will address only those facts to which Petitioner has lodged a specific objection. While her objections are couched as factual objections, they are really objections to the conclusions drawn from the facts. The Court will refer to Petitioner's arguments as enumerated in the Report and Recommendation (*see* Doc. 60, pp. 6-9).

---

[1] Petitioner received the Report and Recommendation on January 12, 2009; she mailed her objections on January 21, 2009. Therefore, her request to file objections on or before January 22, 2009 (Doc. 61) is granted.

After conducting a lengthy, detailed, and thorough analysis of the arguments, Magistrate Judge Proud recommends that a majority of Petitioner's arguments be dismissed as time barred – specifically, Issues 5(f), 5(g), 5(i); Issue 6; Issues 7(a), 7(b), 7(c); Issues 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h); Issue 9; Issue 10; Issue 11; Issue 13; and Issue 14. He recommends that several other arguments be dismissed because they assert errors of state law, which are not cognizable on federal habeas review – specifically, Issues 4(c), 4(d); Issues 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h);[2] and Issues 12(a), 12(b), 12(c). He further recommends that some claims be dismissed because they are procedurally defaulted, either because they were not fully and fairly presented to the state court (lack of fair presentment) or because the state court's decision rested on a state law ground that was independent of the federal question and adequate to support the judgment (procedural bar). Specifically, Magistrate Judge Proud concludes that Issue 3(b); Issue 5(h); Issue 6; Issues 7(a), 7(b), 7(c); Issues 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h); Issue 11; Issue 12(a); Issue 13; and Issue 14 were not fully and fairly presented and that such procedural default cannot be excused. He concludes that Issue 4(a); Issues 5(f), 5(g), 5(i); Issue 9; and Issue 10 are procedurally barred because their dismissal was based on an independent and adequate state law ground and that such procedural default cannot be excused.[3] With respect to the merits of the remaining claims – specifically, Issue 1; Issue 2; Issue 3(a); Issue 4(b); and Issues 5(a), 5(b), 5(c), 5(d), 5(e) – Magistrate Judge Proud concludes that the state court rulings were not contrary to, or did not involve an unreasonable application of, clearly established federal law; nor did they result in a decision that was

---

[2] In addition to finding Issues 8(a-h) time barred, Magistrate Judge Proud concludes, as an alternative basis for dismissal, that these claims are not cognizable under 28 U.S.C. § 2254 because they are premised on errors of state law.

[3] Again, Magistrate Judge Proud offers alternative bases supporting dismissal.

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner's objections maintain a consistent theme throughout: the 10-day statutory time frame for filing objections is inadequate because of Dwight Correctional Center's policies of storing inmate's legal documents in the personal property department and requiring inmates to send a written request with 7 days notice to access such documents. Despite this argument, Petitioner has filed a comprehensive brief outlining her various objections.

Petitioner first objects to specific factual findings and concludes that such findings are the result of ineffective assistance of trial counsel and "a biased judge." She claims that had the jury heard about her "very ugly divorce" from Richard Nitz, the result would have been different. She claims that she did not socialize with Richard and his friends and simply was not involved in any way with the murder for which she was convicted. Rather, she contends that the testimony of her babysitter, Betty Boyer, was "pure fantasy" motivated by the State's "scare tactics." She further contends that the testimony of her cellmate, Barbara Winkler, "was so ridiculous that only the extreme mentally deficient would believe" (*see* Doc. 62). But in making these protestations, Petitioner misconstrues the basis of Magistrate Judge Proud's findings and, more basically, the role of federal habeas relief.

Petitioner insists that "constitutional issues may be raised at any time." She challenges Magistrate Judge Proud's conclusion that most of her claims are either time barred or procedurally defaulted, or both, because she "believed that by raising an issue such as ineffective assistance of counsel or judicial prejudice in her original Habeas Corpus petition she was preserving such issues for further definition" (Doc. 62, p. 9).

The standard for determining whether a claim is time barred is clear. In this case, Petitioner's original petition was filed in 1997 – on the last day of the one year time period provided by 28 U.S.C. § 2244(d) for convictions that became final before the Antiterrorism and Effective Death Penalty Act became effective. *See generally Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). A newly-raised claim relates back to the original timely filing when the new claim arises out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005). A habeas corpus petitioner must specify all available grounds for relief and state the facts supporting each ground. *Id*. at 661, *citing* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court has carefully reviewed the newly added claims and fully agrees with Magistrate Judge Proud's analysis. Issues 5(f), 5(g), 5(i); Issue 6; Issues 7(a), 7(b), 7(c); Issues 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h); Issue 9; Issue 10; Issue 11; Issue 13; and Issue 14 do not relate back to the original petition; consequently, they are time barred.

The standard for determining whether a claim is procedurally defaulted is well-established.

> A petitioner may seek federal habeas corpus relief only if he has exhausted all available state court remedies and, in doing so, has fairly presented his constitutional claims to the state's courts. State law controls whether a claim is forfeited for the purposes of habeas relief. In other words, whether the petitioner has procedurally forfeited any of his habeas claims depends on whether he has failed to present a claim at the time and in the way required by state law.
>
> We will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment. The independent and adequate state ground doctrine applies to "bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." That is because "[f]ederal habeas relief is available only when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court, or when the default would lead to a fundamental miscarriage of justice." State court

> decisions are not adequate to bar federal habeas review unless they rest upon firmly established and regularly followed state practice. Additionally, the state rule at issue "must have been 'firmly established and regularly followed' by the time as of which it is to be applied."

*Franklin v. Gilmore*, 188 F.3d 877, 881-82 (7th Cir. 1999) (internal citations omitted). After conducting a thorough analysis, Magistrate Judge Proud concludes that on many claims, the state courts did not have a full and fair opportunity to review the claim. On many other claims, the state court's decision was based on independent and adequate state law grounds. Petitioner has failed to show sufficient cause for her many procedural defaults. Her argument that she did the best she could and cannot be held accountable for her lawyers' failure to follow her instructions oversimplifies the issue. Petitioner was convicted over 20 years ago, and she has been challenging her conviction ever since. In arguing that this Court should excuse any default because she "submitted her claims of constitutional violations within the state courts but each court refused to hear the issues" (Doc. 62, p. 13), Petitioner misconstrues the parameters of federal habeas corpus review. Likewise, her allegations of actual innocence are insufficient to excuse the procedural default of the various issues. *See generally House v. Bell*, 547 U.S. 518, 536-37 (2006) (to overcome procedural default by extraordinary assertion of actual innocence, petitioner must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt). Consequently, the Court agrees with Magistrate Judge Proud's conclusion that Issue 3(b); Issue 4(a); Issues 5(f-i); Issue 6; Issues 7(a-c); Issues 8(a-h); Issue 9; Issue 10; Issue 11; Issue 12(a); Issue 13; and Issue 14 are procedurally defaulted.[4] Specifically, Petitioner failed to exhaust Issue 3(b); Issue 5(h); Issue 6; Issues 7(a), 7(b), 7(c); Issues

---

[4]Some of these claims also are time-barred. The Court makes alternative findings for purposes of any appellate review that may be made.

8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h); Issue 11; Issue 12(a); Issue 13; and Issue 14 by fully and fairly presenting these issues to the state court. Further, Issue 4(a); Issues 5(f), 5(g), 5(i); Issue 9; and Issue 10 are procedurally barred because the state court's dismissal of those claims was based on an independent and adequate state law ground – in other words, the state court failed to consider them because Petitioner failed to meet state procedural requirements.

The procedural bar doctrine is akin to a federal habeas court's inability to remedy errors of state law. The procedural bar doctrine applies where a state court refused to review the merits of a claim because the petitioner failed to meet state procedural requirements. Because the state court failed to review the merits – on the basis of a sound procedural rule – the state court did not have an opportunity to review the claim; therefore, it is procedurally defaulted. But where a state court reviews the merits of a claim that is premised on a violation of state law rather than federal constitutional law, federal habeas relief is unavailable. *See generally Estelle v. McGuire*, 502 U.S. 62 (1991); *Perruquet v. Briley*, 390 F.ed 505 (7th Cir. 2004). Therefore, the Court rejects Petitioner's argument that because "state law statutes are supposed to be in align with State and/or Federal Constitutions," a violation of state law "would violate the constitutional rights of a defendant" (Doc. 62, p. 11). The Court agrees with Magistrate Judge Proud's conclusion that Issues 4(c), 4(d); Issues 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h); and Issues 12(a), 12(b), 12(c) are based on state law and, consequently, are not cognizable on habeas review.[5]

With respect to the merits of the remaining claims, Petitioner is entitled to habeas relief only if the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) was based on an

---

[5]Again, this Court offers alternative findings to make a complete record for appeal.

unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Petitioner claims, in Issue 1, that the State failed to prove that she was guilty beyond a reasonable doubt of first degree murder for the "shooting death" of Michael D. Miley, as charged. Noting the state court's finding that the "death by shooting" aspect of the charge was nonessential because the State was not obligated to prove the means used to commit the murder, Magistrate Judge Proud concludes that there is sufficient evidence from which the trier of fact could have found guilt beyond a reasonable doubt. Petitioner objects by stating: "Without proof of means to commit murder, how can the State assert that a murder actually took place?" (Doc. 62, p. 18). There was *ample* evidence to show that a murder took place, including (but not limited to) cellmate Winkler's testimony that Petitioner repeatedly recounted how she and her husband had beaten a man with a baseball bat, shot him in the head, and hung him from a tree. In any event, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" or to re-weigh the evidence. *Estelle*, 502 U.S. at 67-68; *accord Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993). Habeas relief is not warranted because the state court's decision was not based on an unreasonable determination of the facts in light of the evidence.

In Issue 2, Petitioner claims that the trial judge erred in denying Petitioner's motion for a second change of venue; in Issue 3(a), she claims that the trial judge was prejudiced against her by asking during *voir dire* whether potential jurors would be prejudiced by the fact of Richard Nitz's conviction. Petitioner objects to Magistrate Judge Proud's conclusion that neither of these decisions by the trial court was inconsistent with federal constitutional law. She challenges the state appellate court's finding that Petitioner had asked that the jury pool be questioned regarding their knowledge of Richard Nitz's conviction – blaming trial counsel for acting without her authority. A trial judge

Page 8 of 10

has great discretion in conducting *voir dire* to try to identify unqualified jurors. A consequence of the trial judge trying to identify prejudiced jurors by raising the fact of Richard Nitz's conviction could be to potentially create prejudice; but this does not make the state court's decisions contrary to clearly established federal law. *See generally Morgan v. Illinois*, 504 U.S. 719 (1992); *Wainwright v. Witt*, 469 U.S. 412 (1985) (discussing a trial court's discretion in conducting *voir dire*). Petitioner is not entitled to habeas relief on these claims.

In Issue 4(b), Petitioner claims that the Illinois sentencing statute, 38 ILCS 1005-8-1(a)(1)(b), which includes a sentencing enhancement if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, is unconstitutionally vague. In rejecting this argument, Magistrate Judge Proud points out that in *Barnhill v. Flannigan*, 42 F.3d 1074 (7th Cir. 1994), the Seventh Circuit Court of Appeals analyzed this statute and found the sentencing enhancement contained therein to be constitutional. Petitioner objects to this conclusion because, under "the Apprendi ruling," the facts used to enhance her sentence should have been presented to the jury (Doc. 62, pp. 20-21). It is well-settled that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not retroactively applicable. *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002). Therefore, Petitioner's argument fails.

Petitioner claims, in Issues 5(a-e), that her trial counsel was ineffective by (1) failing to object to statements by the trial judge and the prosecutor that Richard Nitz had been convicted of the same crime; (2) failing to object to evidence that Richard Nitz hated homosexuals; (3) failing to object to the introduction of a bat, knife, and shovel; (4) failing to impeach a prosecution witness with her prior inconsistent statement; and (5) failing to argue during closing argument that the victim was dead before Petitioner was involved in any way. The familiar test set out in *Strickland v.*

*Washington*, 466 U.S. 668 (1984), governs the ineffective assistance of counsel analysis. As an initial matter, Magistrate Judge Proud correctly notes that the state appellate court found that all of these alleged errors were consistent with the defense strategy and that there was no apparent prejudice; therefore, it rejected the ineffective assistance of counsel argument. In her objections, Petitioner contends that trial counsel was ineffective by failing to present arguments that now are deemed procedurally defaulted and that subsequent counsel were ineffective by failing to timely raise these issues after the trial. Petitioner incorrectly asserts that she has a right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Petitioner has shown neither (1) that trial counsel's representation fell below an objective standard of reasonableness nor (2) that counsel's deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687. The state court's decision in this regard was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas relief is not warranted on these claims.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Proud (Doc. 60) is **ADOPTED**, and Petitioner's amended petition under 28 U.S.C. § 2254 for writ of habeas corpus is **DENIED** in all respects. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly. Petitioner's motion to stay these proceedings pending resolution of another post-conviction petition filed in state court (Doc. 64) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  03/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge